| | | |
|---|---|---|
| **OLIVIA J. SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| **PIEDMONT NATURAL GAS, INC.,** | ) | |
| **DOROTHY LATIMER, RON NELSON,** | ) | |
| **CARLOTTA CHAMBERS, and** | ) | |
| **SANDI SEIVERS,** | ) | |
| | ) | |
| **Defendants** | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant Piedmont Natural Gas'

Motion To Dismiss" (Document No. 13) and "Defendants Dorothy Latimer, Ron Nelson, Carlotta

Chambers and Sandi Sievers' Motion To Dismiss" (Document No. 15) filed September 7, 2010.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b),

and these motions are ripe for review. Having carefully considered the arguments, the record, and

the applicable authority, the undersigned will respectfully recommend that the motions to dismiss

be granted in part and denied in part.

## I. BACKGROUND

*Pro se* Plaintiff Olivia J. Smith ("Smith" or "Plaintiff") filed charges of discrimination

against Defendants with the Equal Employment Opportunity Commission ("EEOC") on or about

May 12, 2008, and received a "Dismissal And Notice Of Rights" on or about March 28, 2010.

(Document No. 2, pp. 2-3, 9). The "Dismissal And Notice Of Rights" informed Plaintiff that the

"EEOC was unable to conclude that the information obtained establishes violations of statutes" and

gave notice that Plaintiff had ninety (90) days to file suit based on her charges. (Document No. 2, p.9).

Plaintiff filed her "Complaint" (Document No. 2) in this action on June 28, 2010. In her Complaint, purportedly brought pursuant to Title VII of the Civil Rights Act of 1964, Plaintiff alleges that while employed by Defendant Piedmont Natural Gas ("PNG"), she was subject to harassment and retaliation, denied "overtime shift differential," never provided a copy of the Employee HR Policy Manual, and denied "reasonable accommodations" during job training and employee testing. (Document No. 2, pp. 4-5). Plaintiff contends that discriminatory acts occurred on multiple dates during September, October, and November 2007. (Document No. 2, p.2). She specifically alleges that Defendants' conduct was discriminatory with respect to her age. (Document No. 2, p.3). Plaintiff's request for relief seeks actual and consequential damages, compensatory damages for "pain, suffering, humiliation, and harm to professional reputation," punitive damages, back pay, attorney's fees and court costs. (Document No. 2, pp. 7-8).

Defendant PNG and individual Defendants Latimer, Nelson, Chambers and Sievers (collectively "Defendants") filed the now pending motions to dismiss (Document Nos. 13 & 15) on September 7, 2010. Plaintiff filed a response to the motions (Document No. 22) on October 14, 2010, and Defendants filed their "Reply Brief In Support..." (Document No. 23) on October 22, 2010.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A

complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1960 (2009)(quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949.

The Supreme Court also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(citations omitted).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

**A. Claims Against Piedmont Natural Gas**

Defendant PNG moves for dismissal of this action pursuant to Rules 12(b)(6) of the Federal Rules of Civil Procedure and Local Rule 7.1. (Document No. 13). Specifically, Defendant PNG alleges that this action should be dismissed because: (1) Plaintiff's allegations fall outside the applicable statute of limitations; and (2) Plaintiff has failed to sufficiently plead her allegations pursuant to Twombly and Iqbal. (Document No. 14, pp.5-10).

Defendant PNG first contends that most, if not all, of Plaintiff's claims are time barred. PNG notes that Title VII, the Americans With Disabilities Act ("ADA"), and the Age Discrimination in Employment Act ("ADEA") all require an employee to file a charge withe the EEOC within 180 days after "the alleged unlawful employment practice occurred." (Document No. 14, p.5)(quoting 42 U.S.C § 12177(a) and 29 U.S.C. § 626(d)). Here, Plaintiff specifically alleges that the discriminatory acts occurred on or about: September 5, 27, 30; October 1, 5-9, 12, 18, 23, 30; and November 5 and 13, 2007. (Document No. 2, p.2). PNG argues that the only alleged discriminatory action that took place within 180 days of Plaintiff's May 12, 2008 EEOC Charge was on November 13, 2007. (Document No. 14, p.5). As such, PNG contends that any distinct acts occurring before November 13, 2007 are barred. Id. Although Plaintiff has failed to describe what alleged discriminatory act happened on November 13, 2007, it appears that is the date she was terminated. (Document No. 23, p.2). Construing the *pro se* Plaintiff's allegations in the most favorable light, she seems to assert that her termination was an act of "retaliation" by Defendants PNG, Latimer, and/or Nelson. (Document No. 2, pp.5-6).

Next, PNG contends that Plaintiff's Complaint is insufficient pursuant to Iqbal and Twombly. PNG argues that Plaintiff's Complaint lacks sufficient factual matter to support a facially plausible claim. (Document No. 14, pp.6-7). "A claim is 'facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Iqbal, 129 S.Ct. at 1949). Specifically, PNG asserts that Plaintiff has failed to make sufficient allegations to support an ADEA or ADA claim.

**1. ADEA Claims**

PNG first points out that the Complaint is "wholly devoid of any allegations that the adverse employment actions allegedly taken by PNG were taken because of her age." (Document No. 14,

p.7).  Other than checking the box on her Complaint indicating discrimination with respect to her

age, Plaintiff fails to allege that any of the events underlying this lawsuit were related to her age.

PNG contends, and the undersigned agrees, that Plaintiff must demonstrate that her employment

would not have been terminated, or adverse actions taken, but for her age.  Id.  As such, Plaintiff has

not met her obligation of showing an entitlement to relief based on age discrimination.  Notably,

Plaintiff's opposition to the pending motions makes no argument for an age discrimination claim.

(Document No. 22).

### 2. ADA Claims

Plaintiff's allegation of discrimination based on disability, however, presents a closer call.

Liberally construing the *pro se* Plaintiff's Complaint, she appears to allege that she suffered from

both a learning and hearing disability of which she informed her employer.  (Document No. 2, p.5).

The Complaint asserts that Plaintiff was never provided an HR Policy Manual explaining the

company's disability policies, and that PNG failed to make reasonable accommodations for her

disabilities during employee training and testing.  Id.   Furthermore, it appears that the Complaint

alleges that PNG's failure to accommodate Plaintiff's disabilities led to problems with her job

performance, which in turn resulted in her termination.  Id.

In seeking dismissal of this claim, PNG identifies that the "threshold question under either

the discriminatory discharge or reasonable accommodation claim is whether Plaintiff is an

individual with a disability within the meaning of the ADA."  (Document No. 14, p.9).  PNG then

argues that Plaintiff has failed to show she qualifies as disabled.  Id.  PNG quotes Plaintiff as stating

that it was "hard for her to hear with all the background noises" and contends that she otherwise

failed to allege she had a disability.  Id.  The undersigned respectfully disagrees; Plaintiff also

clearly states in her Complaint that she informed her trainer that "I had a learning disability and a hearing disability." (Document No. 2, p.5).

Based on the foregoing, the undersigned will respectfully recommend that any claim of age discrimination be dismissed, and that Plaintiff's claim(s) of discrimination based on disability should be allowed to survive at this early stage of the litigation. Unlike her claim of age discrimination, the undersigned finds that Plaintiff has pled enough factual content regarding her disability claim to satisfy the requirements of <u>Iqbal</u> and <u>Twombly</u>.

**B. Claims Against Individual Defendants**

Individual Defendants Latimer, Nelson, Chambers and Sievers contend that this action should be dismissed pursuant to Rules 12(b)(5) and (6) and Local Rule 7.1. (Document No. 15). The individual Defendants specifically allege that: (1) Plaintiff failed to exhaust her administrative remedies; (2) there is no individual liability under the ADA or the ADEA; (3) Plaintiff's allegations fall outside the applicable statute of limitations; (4) Plaintiff failed to sufficiently plead her allegations; and (5) Plaintiff did not properly serve any of the individual Defendants with a copy of the summons and complaint. (Document No. 16, pp.5-13).

Although Defendants cite multiple bases for dismissal, the undersigned finds the argument that there is no individual liability here under the ADA or the ADEA persuasive and sufficient. Defendants contend that the Fourth Circuit has held that individuals may not be held liable for Title VII claims in their individual capacities and thus the claims against them should be dismissed. The undersigned agrees. <u>See</u> <u>Lissau v. Southern Food Serv., Inc.</u>, 159 F.3d 177, 180-181 (4th Cir. 1998); <u>Buckner v. Gen. Signal Tech. Corp.</u>, 163 F.Supp.2d 617, 626 (W.D.N.C. 2000); and <u>Jackson v. Eller</u>, 3:07-CV-358-RJC, 2008 WL 80948 at *2-3 (W.D.N.C. Jan. 7, 2008)("the Fourth Circuit Court

of Appeals has unequivocally held that employees, even supervisors, are not liable in their individual capacities under Title VII").

Plaintiff responds in conclusory fashion that the individual Defendants should not be dismissed, but fails to articulate any persuasive argument for that position or to identify applicable authority in support of her claims. (Document No. 22). The undersigned will therefore recommend that all claims against the individual Defendants be dismissed.

## IV.  RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Defendant Piedmont Natural Gas' Motion To Dismiss" (Document No. 13) be **GRANTED** in part and **DENIED** in part, as described herein; and that "Defendants Dorothy Latimer, Ron Nelson, Carlotta Chambers and Sandi Sievers' Motion To Dismiss" (Document No. 15) be **GRANTED**.

## V.  TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within fourteen (14) days of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and the Honorable Robert J. Conrad, Jr.

**IT IS SO RECOMMENDED**.

Signed: January 4, 2011

David C. Keesler
United States Magistrate Judge