# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:10-cv-285-RJC-DCK

| | |
|---|---|
| OLIVIA J. SMITH, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>PIEDMONT NATURAL GAS, INC., )<br>DOROTHY LATIMER, RON NELSON, )<br>CARLOTTA CHAMBERS, and )<br>SANDI SEIVERS, )<br>)<br>Defendants. ) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on Defendant Piedmont Natural Gas's Motion To Dismiss (Document No. 13); Defendants Dorothy Latimer, Ron Nelson, Carlotta Chambers and Sandi Sievers' Motion To Dismiss (Document No. 15); the associated pleadings (Doc. Nos. 22 and 23); and the Magistrate Judge's Memorandum and Recommendation (M&R) (Doc. No. 24). No objections have been filed.

## I. BACKGROUND

Neither party has objected to the Magistrate Judge's statement of the factual and procedural background of this case, and so the Court adopts the facts as set forth in the M&R.

## II. STANDARD OF REVIEW

The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). "By contrast, in the absence of a timely filed objection, a district court need not

conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).  Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).  Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection.  Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200.  Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly, the Court has reviewed the Magistrate Judge's M&R and the record.

## III. DISCUSSION

Pursuant to 28 U.S.C. § 636(b)(1)(c), a party is given fourteen (14) days to file specific written objections to a Magistrate Judge's proposed findings and recommendations.  See 28 U.S.C. § 636(b)(1)(c); see also, Fed. R. Civ. P. 72(b)(2).  The parties were notified that objections to the M&R must be filed within this time frame.  Neither Olivia Smith nor Piedmont Natural Gas, Inc. filed any objections as of the date of this Order.  Considering no objections were filed, and after a review of the record in this case, the Court finds that the Magistrate Judge's recommendations regarding Plaintiff's Age Discrimination in Employment Act (ADEA) and Americans with Disabilities Act (ADA) claims are consistent with and supported by law.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The M&R is hereby **ACCEPTED AND ADOPTED**.
2. Defendant Piedmont Natural Gas's Motion to Dismiss (Doc. No. 13) is

**GRANTED in part** and **DENIED in part**: it is granted with respect to Plaintiff's ADEA claims but denied with respect to her ADA claims.

3. Defendants Dorothy Latimer, Ron Nelson, Carlotta Chambers, and Sandi Sievers' Motion to Dismiss (Doc. No. 15) is **GRANTED**.

Signed: April 8, 2011

Robert J. Conrad, Jr.
Chief United States District Judge