# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:10-CV-285-RJC-DCK

| | |
|---|---|
| OLIVIA J. SMITH, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| PIEDMONT NATURAL GAS, INC., | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on "Defendant Piedmont Natural Gas' Motion To Compel" (Document No. 29) filed December 29, 2012. Plaintiff has not filed a response to Defendant's Motion to Compel, and the time to do so has lapsed. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and the motion is ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will grant Defendant's motion.

## BACKGROUND

*Pro se* Plaintiff Olivia J. Smith ("Smith" or "Plaintiff") filed her "Complaint" (Document No. 2) in this action on June 28, 2010. In her Complaint Plaintiff alleges that while employed by Defendant Piedmont Natural Gas ("Defendant" or "PNG"), she was subject to harassment and retaliation, denied "overtime shift differential," never provided a copy of the Employee HR Policy Manual, and denied "reasonable accommodations" during job training and employee testing. (Document No. 2, pp. 4-5)

Defendant PNG and individual Defendants Latimer, Nelson, Chambers and Sievers (collectively "Defendants") filed motions to dismiss (Document Nos. 13 & 15) on September 7,

2010. Plaintiff filed a response to the motions (Document No. 22) on October 14, 2010, and Defendants filed their "Reply Brief In Support..." (Document No. 23) on October 22, 2010. The undersigned issued a "Memorandum And Recommendation" (Document No. 24) on January 4, 2011 granting in part and denying in part Defendant PNG's Motion to Dismiss, and granting Defendants Latimer, Nelson, Chambers and Sievers' Motion to Dismiss. The Memorandum and Recommendation was adopted by Chief District Judge Robert Conrad on April 8, 2011 (Document No. 25).

Defendant PNG filed its "Motion To Compel" (Document No. 29) and its "Brief In Support Of Piedmont Natural Gas' Motion To Compel" (Document No. 30) on December 29, 2011. Plaintiff has failed to file a response, and the time to do so has lapsed. As such, the motion is now ripe for disposition.

## DISCUSSION

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a litigant is not entitled to conduct discovery that is intended to harass, annoy, embarrass, oppress, or that causes undue burden or expense to the opposing party. See Fed.R.Civ.P. 26(c).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion. See, Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

"Defendant Piedmont Natural Gas' Motion To Compel" seeks an order compelling Plaintiff to fully respond to certain requests from Defendant PNG's First Set of Interrogatories And First Requests For Production Of Documents. Defendant PNG contends that Plaintiff has failed or refused to provide complete responses to its First Set of Interrogatories and First Requests for Production of Documents. After careful review of Defendant PNG's arguments, the undersigned is persuaded that Plaintiff should be compelled to fully respond to Defendant PNG's discovery requests.

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Defendant Piedmont Natural Gas' Motion To Compel" (Document No. 29) is **GRANTED.** Plaintiff shall fully respond to Defendant's discovery requests on or before **February 6, 2012.**

**IT IS FURTHER ORDERED** that Defendant PNG's request for attorneys' fees is **DENIED**. However, Plaintiff is advised that further dilatory conduct, failure to abide by the Federal Rules and/or Local Rules, or failure to prosecute her lawsuit may result in sanctions, including reasonable attorney's fees and expenses, or even the dismissal of this lawsuit.

Signed: January 23, 2012

David C. Keesler
United States Magistrate Judge